The opinion of the court ivas delivered by

Mr. Justice JVott.

It would be sufficient in this case to say that the decisioft in the court below was in conformity with the long established usage and practice of our courts. It appeared to me to be a well settled principle, when I first came to the bar, and it is but lately that I have ever understood that there exists any difference of opinion on the subject. It is a misfortune that .the early decisions of our courts have not been reported. It subjects us to the inconvenience of having the same question contested over -and over again, upon every new accession to the bench or bar. But although we have no reported cases of our own on the subject, we are not without authority, so far as the decisions of the courts of our sister states may be considered authority. In, the case of Campbell & Morris, 3d Harris & M'Henry's Reports, Judge Chase, who delivered the opinion of the court,, says “ an attachment is to compel the appearance of the defendant. When the defendant comes in on the return of the attachment, he is in the same relation that he would have been if taken on a capias ad respondendum, and cannot appear without bail.” It is also in analogy with all legal proceedings. The process can not be at the same time against the goods and the person of the defendant, *370 The defendant is not in court, so long as the attachment remains on the goods. It is only by dissolving the attachment and substituting his person in the place of the goods, that he becomes a, party; and that can only be done, according to the terms of the act, by entering special bail to the action.
Rogers, for motion,
Williams, contra,
The object of the act was to give the creditor a remedy against an absconding debtor. It -requires the debtor therefore, before he can be permitted to make defence, to place himself in the same situation in which he might have been placed by the plaintiff, if he had not absconded. The plaintiff might have arrested him and held him to bail; and the law does not intend to aid him in placing himself beyond the reach of his creditor by running away. It allows both parties precisely the same privileges and subjects them to the same liability as if the defendant had not absconded, He can not expect to be placed in a better situation than an honest debtor who has not fled from his creditor.
The motion is therefore refused.
Richardson, Johnson, Huger, Justices, concurred.